# PETITION UNDER 28 USC § 2254 FOR WRIT OF
# HABEAS CORPUS BY A PERSON IN STATE CUSTODY

If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.

05 - 10761 NG

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

*Referred to MJ JL Alexander*

*Instructions — Read Carefully*

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under the penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your personal account exceeds $ _____, you must pay the filing fee as required by the rules of the district court.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

# United States District Court

District: **EASTERN MASSACHUSETTS**

Name: **Richard Max Strahan**
Prisoner No.:
Case No.:

Place of Confinement: **Suffolk County**

Name of Petitioner (include name under which convicted): **Richard Max Strahan**

v.

Name of Respondent (authorized person having custody of petitioner): **Suffolk Superior Court and Boston Police Department**

The Attorney General of the State of: **Massachusetts**

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: **Suffolk Superior Court**

2. Date of judgment of conviction: **13 April 04**

3. Length of sentence: **Indeterminate**

4. Nature of offense involved (all counts): **Summary arrest is ordered by ~~will be~~ done upon my engaging in First Amendment protected in Public Spaces in unlawful Enforcement of Civil Contempt Order Arising in a civil Action that was dismissed for lack of prosecution → Rule 41(a)**

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details: **I opposed the enforcement of a civil contempt order by arrest in a case that was terminated years earlier.**

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury
   (b) Judge only ☒
   
   **No trial was provided.**

7. Did you testify at the trial? Yes ☐ No ☐
   **No testimony was allowed.**

8. Did you appeal from the judgment of conviction? Yes ☐ No ☐
   **Yes but Appeal was Refused.**

(2)

9. If you did appeal, answer the following:

   (a) Name of court __Massachusetts Appeals Court__

   (b) Result __Appeal was refused.__

   (c) Date of result and citation, if known __No citation because appeal__

   (d) Grounds raised __was not docketed.__

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court __N/a__

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court __N/a__

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐     No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

The Facts:

1. On 13 April 2004, Judge Murphy of the Suffolk Superior Court issued an order ordering me to be arrested at the whim of the owners of the Prudential Shopping Mall in Boston if I engage in petitioning or any other First Amendment protected activity.

2. This "order" was issued in a civil action that was terminated in August of 2001 for a lack of prosecution by the plaintiffs und Mass. Rule 41(a). No final judgment of any kind was issued against me. And the dismissal was with prejudice in my favor.

3. The "ORDER" is a civil contempt order that was issued to enforce an interlocutory order that ordered me not to petition @ a courteous way in the Prudential Center even though it recognized my right to do so. It was issued in September of 1999.

4. After the case was terminated in 2001, I started petitioning in the Prudential Center without incident.

5. The Plaintiffs decided to ask the Court to enforce the 1999 contempt order Even though the case was terminated

6. The Superior Court in Suffolk Court held a hearing on 13 April 2004 And refused my request to deny the plaintiffs request. It issued an a new contempt order that ordered that I would be arrested and held for an indeterminate amount of time at the discretion of the plaintiffs.

7. The Superior Court Refused my Request for an attorney and tried to jury after it announced that I was to be arrested at will.

8. ~~At~~ the present ~~time~~ I am unlawfully under the control of the Suffolk Sqerier Court ~~facing~~ facing imminent arrest if I simply engage in first Amendment protected acts in a public Right-of-way in Boston, MA.

Case 1:05-cv-10761-NG    Document 2    Filed 04/13/2005    Page 6 of 17

## SUCV1999-03009
## BP Prucenter Acquisition LLC v Strahan/Green World

| | | | | | |
|---|---|---|---|---|---|
| File Date | 06/25/1999 | Status | Disposed: Appeal assembled (dapassem) | | |
| Status Date | 06/01/2004 | Session | B - Civil B | | |
| Origin | 1 | Case Type | D99 - Misc equitable remedy | | |
| Lead Case | SUCV1994-06034 | Track | F | | |
| Service | 09/23/1999 | Answer | 11/22/1999 | Rule12/19/20 | 11/22/1999 |
| Rule 15 | 11/22/1999 | Discovery | 04/20/2000 | Rule 56 | 05/20/2000 |
| Final PTC | 06/19/2000 | Disposition | 08/18/2000 | Jury Trial | No |

### PARTIES

**Plaintiff**
BP Prucenter Acquisition LLC
Active 06/25/1999

　　**Private Counsel 554651**
　　Martin M Fantozzi
　　Goulston & Storrs
　　400 Atlantic Avenue
　　Boston, MA 02110-3333
　　Phone: 617-482-1776
　　Fax: 617-574-4112
　　Active 06/25/1999 Notify

　　**Private Counsel 561629**
　　Mark L LaBollita
　　Goulston & Storrs
　　400 Atlantic Avenue
　　Boston, MA 02110-3333
　　Phone: 617-482-1776
　　Fax: 617-574-4112
　　Active 06/25/1999 Notify

　　**Private Counsel 641638**
　　Jennifer M DeTeso
　　Goulston & Storrs
　　400 Atlantic Avenue
　　Boston, MA 02110-3333
　　Phone: 617-482-1776
　　Fax: 617-574-4112
　　Active 06/13/2000 Notify

**Defendant**
Richard Max Strahan/Green World
#195
236 West Portal Avenue
San Francisco, CA 94127
Phone:
Served: 07/06/1999
Served (answr pending) 07/06/1999 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 06/25/1999 | 1.0 | Complaint |
| 06/25/1999 | | Origin 1, Type D99, Track F. |

MAS-20030912
dicenso
Case 1:05-cv-10761-NG    Document 2    Filed 04/13/2005    Page 8 of 17
04/05/2005
02:56 PM
Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV1999-03009
## BP Prucenter Acquisition LLC v Strahan/Green World

| Date | Paper | Text |
|---|---|---|
| 06/25/1999 | 2.0 | Civil action cover sheet re: complaint |
| 06/25/1999 | 3.0 | Motion of plf for preliminary injunction |
| 06/25/1999 | 4.0 | Affidavit of Frank D Burt |
| 06/25/1999 | 5.0 | Affidavit of Richard Max Strahan |
| 06/25/1999 | | Notice ordered issued ret'ble Wednesday, July 7, 1999 at 2:00 PM in Room 243 (Gants, J) Summons and Order of Notice issued See P#1 |
| 06/25/1999 | 6.0 | Motion of plf to appoint Blaustein & Witten as special process server, approved by the Court, (Gants, J) |
| 06/25/1999 | 5.1 | Affidavit of Carol Ann Aloisi as to Green World, Inc |
| 06/30/1999 | 6.1 | Motion to Reschedule Date for Hearing Filed & Allowed but continued only to 6/14/99 |
| 07/06/1999 | 7.0 | Summons & order of notice returned re: deft Richard Marx Straham (In Hand on 6/25/99) |
| 07/14/1999 | 7.1 | Motion of deft to consolidate (w/opposition) |
| 07/14/1999 | 7.2 | Opposition of deft to the plff's Motiion for a Preliminary Injunction |
| 07/14/1999 | 7.3 | Motion of deft to dismiss (w/opposition) |
| 07/22/1999 | 8.0 | Notice of filing of first affidavit of Richard Max Strahan and withdrawal from Prudential Center from Coercion by plff (Attached affidavit) |
| 07/22/1999 | 8.1 | First Affidavit of Richard Max Strahan |
| 07/26/1999 | 9.0 | Memorandum of Decision and Order on Plaintiff's Motion for Preliminary Injunction - ORDER: Plaintiff's motion for a preliminary injunctions is Allowed in part Defendant Richard Strahan is probitited from engaging in any form of solicitation at the Prudential Center until further order of this Court (Hinkle,J) Mail 7-27-99 |
| 08/04/1999 | 10.0 | Complaint for contempt filed by plff Order of notice ret'ble Monday Aug. 16 1999 @2:00p.m. RE: Contempt (Hinkle J) |
| 08/06/1999 | 11.0 | Deft's Notice of Appeal of Interlocutory Order |
| 08/10/1999 | 12.0 | Ex parte motion to Expidite Appeal Process & Allowed (Lopez,J) Notice sent 8/18/99 |
| 08/10/1999 | | Notice to Justice Margaret R Hinkle of the filing of a notice of appeal |
| 08/10/1999 | | Notice of service of notice of appeal to: Martin M Fantozzi, Esq & Mark L LaBollita, Esq of Messrs Goulston & Storrs |
| 08/11/1999 | 12.1 | Emergency motion of deft for discovery pursuant to Rule 65.3 - After hearing, the plff is ordered to make the video available by noon on 8/11/99 to deft that it intends to offer at Monday's hearing (8/16/99) Plff is also to make John Tello available before noon on 8/16/99 for a one hour deposition - If the deft wishes to take that deposition, it must be at a mutually convenient time and he is to provide notice of his desire to take the deposition by noon on 8/13/99 - The motion is otherwise Denied without prejudice (Hinkle,J) Notice sent 8/12/99 |
| 08/11/1999 | 12.2 | Emergency motion of deft to stay July 26 Preliminary Injunction pending its appeal - After hearing, Denied because there is no |

MAS-20030912
dicenso
Case 1:05-cv-10761-NG    Document 2    Filed 04/13/2005    Page 9 of 17
04/05/20
02:56 P

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV1999-03009
### BP Prucenter Acquisition LLC v Strahan/Green World

| Date | Paper | Text |
|---|---|---|
| | 12.2 | showing of likelihood of success on deft's part (Hinkle,J) Notice sent 8/12/99 |
| 08/11/1999 | 12.3 | Emergency motion of deft for dismissal contempt proceedings or in the alternative, a continuance of date of initial hearing - Allowed in that the hearing is continued to Aug 30 at 2:45PM (Hinkle,J) Notice sent 8/12/99 |
| 08/12/1999 | 13.0 | Opposition of plff to deft's emergency motion for issuance & service of indigency subpoenas |
| 08/12/1999 | 14.0 | Opposition of plff to deft's emergency motion to stay the injunction pending appeal |
| 08/17/1999 | 15.0 | Emergency motion of deft for issuance & service of indegency subpoenas & Allowed & the clerk's office is to issue five subpoenas to plff. The motion is otherwise denied (Margaret Hinkle, Justice) Notice sent 8/18/99 |
| 08/18/1999 | | Notice of assembly of record on appeal |
| 08/30/1999 | 16.0 | Complaint for contempt filed by Richard Max Strahan |
| 08/30/1999 | | Motion (P#I5) after hearing I restate and clarify my order of 8/17/99 The clerk's office is to issue the subpoenas to deft, not plff In all respects the order remains the same (Hinkle, J) notice sent 8-31-99 |
| 09/01/1999 | 17.0 | Emergency Motion for discovery order & After hearing, motion denied for the reasons set forth on the record in open court (Hinkle, Justice) Notice sent 9/7/99 |
| 09/03/1999 | 17.1 | Notice of Filing of Service of Subpoena Alan Snow, Christine Buford, William Wedge |
| 09/07/1999 | 17.2 | Third Affidavit of Richard Max Strahan for I999 Imitations of Justice from Reflection on things past |
| 09/07/1999 | 17.3 | Emergency motion of plff to quash hearing subpoenas After hearing this motion is deemed moot to the extent that the various witnesses sought by defts have appeared and are present (Grasso,J) |
| 09/09/1999 | 18.0 | Emergency motion of deft to extend deadline to filing brief in contempt hearing by one day (w/o opposition) |
| 09/09/1999 | 19.0 | Second affidavit of Richard Max Strahan of I999: Leafleting in the Prudential Center |
| 09/09/1999 | 20.0 | Motion of deft for a ruling on the L A (w/o opposition) |
| 09/10/1999 | 21.0 | Opposition and ANSWER of deft to Complaint for Contempt |
| 09/22/1999 | 22.0 | Findings of Fact, Rulings of Law, and Order for Judgment on plff's complaint for contempt JUDGMENT AND ORDER: For the foregoing reasons,the court ADJUDGES Richard Strahan in civil contempt and ORDERS as follows: Until further order of this court, Richard Strahan shall not engage in any form of educational, informational, or out reach activity at Prudential Center, including, without limitation thereto, solicitation, petitioning, leafleting, or demonstrating Further Strahan shall not appear or be present at the Prudential Center for any purpose whatsoever, other than to shop or to dine in or e of the retail stores or restaurants at the shops at Prudential Center (any such shopping or dining to be consistent with the |

## SUCV1999-03009
## BP Prucenter Acquisition LLC v Strahan/Green World

| Date | Paper | Text |
|---|---|---|
| | 22.0 | prohibitions contained in this and prior orders) and provided further that on each such occasion as Strahan enters the Prudential Center he shall notify BP Prucenter of his presence immediately upon arrival and prior to departure by reporting in person to the Security Dispatch Center in the lower lobby of the tower building at Prudential Center (Grasso, Jr J ) entered on docket pursuant to Mass R Civ P 58(a) and notice sent to parties pursuant to Mass R Civ P 77(d) |
| 09/28/1999 | 23.0 | Emergency motion of deft to stay Sept 22, 1999 Contempt Order pending appeal (w/o opposition) |
| 09/28/1999 | 24.0 | Emergency motion of deft to amend July 26, 1999 Preliminary Injunction (w/o opposition) |
| 09/28/1999 | 25.0 | Ex parte motion of plff to compel an expedited assembly of record (w/o opposition) |
| 09/28/1999 | 26.0 | Notice of appeal of deft of Sept 22, 1999 Contempt Order |
| 09/28/1999 | 27.0 | Emergency Motion to Stay Sept 22 Contempt Order Pending Appeal and DENIED (Grasso J) notice sent 9/29/99 |
| 09/28/1999 | 28.0 | Emergency Motion to Amend July 26 Preliminary Injunction and DENIED (Grasso J) notice sent 9/29/99 |
| 09/29/1999 | | Notice to Justice Joseph A Grasso of the filing of a notice of appeal |
| 09/29/1999 | | Notice of service of notice of appeal to: Martin M Fantozzi, Esq & mark L LaBollita, Esq of Messrs Goulston & Storrs |
| 10/01/1999 | 29.0 | Opposition of plff to deft's Emergency motions to stay to stay September 22 Contempt order pending appeal and to amend July 26th Preliminary Injunction |
| 11/09/1999 | | Notice of assembly of record on appeal |
| 11/18/1999 | 30.0 | Second motion to amend July 26, 1999 Prelim Inj Notice ordered issued ret'ble Monday, November 22, 1999 in Room 6 at 2:00 pm (Hinkle,J) Order of Notice issued |
| 11/18/1999 | 31.0 | Second motion of plff to stay contempt September 22, 1999 contempt order pending appeal |
| 11/18/1999 | 32.0 | Motion of deft to waive fees of service This motion is moot The plff was present during todays hearing The deft should call plff's counsel to confirm Monday's hearing and the assistant clerk should do the same (Hinkle,J) |
| 11/22/1999 | 33.0 | Petition to stay July 26 preliminary injunction and September 22 contempt order pending their appeal & Denied, after hearing for the reasons set forth in the opposition (Hinkle, Justice) Notice sent 11/24/99 |
| 12/20/1999 | 34.0 | Copy of ORDER from Appeals Court: Petition to stay pending apealis denied (Dreben,J) |
| 03/22/2000 | 35.0 | Copy of Standing Order #17A from Appreals Court action dismissed for lack of prosection. |
| 06/15/2000 | 36.0 | Emergency motion of deft to amend July, 1999 Preliminary Injunction (w/o opposition) |
| 06/15/2000 | 36.1 | Motion of deft to waive Rule 9A & Allowed. Hearing scheduled to |

MAS-20030912
dicenso
Case 1:05-cv-10761-NG   Document 2   Filed 04/13/2005   Page 11 of 17
04/05/20
02:56 F
Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

# SUCV1999-03009
# BP Prucenter Acquisition LLC v Strahan/Green World

| Date | Paper | Text |
|---|---|---|
| | 36.1 | 6/16/00 at 10:00am (Margaret Hinkle, Justice) |
| 06/16/2000 | 37.0 | MEMORANDUM and ORDER: opn Emergency to Amend July 1999 Preliminary Injunction GThe orders of the court entered on July 26, 1999 and September 21, 1999 remain in full force and effect any violation by deft of this order will result in sanctions (Hinkle, J.). (See full order on P#37) Notice sent 6/16/2000 |
| 06/16/2000 | 38.0 | Motion of deft to amend July 1999 Preliminary Injunction & ALLOWED in part. See seperate order entered today (Margaret Hinkle, Justice) Notice sent 6/20/00 |
| 07/13/2000 | | Motion (P#7.1) allowed (Gordon L. Doerfer, Justice) Notices mailed 07/14/2000 |
| 08/04/2000 | 39.0 | Motion of plff for reconsideration of order granting deft's motion to consolidate Suffolk Superior Court Civil No. 94-6034 pursuant to Rule 42 (w/o opposition) |
| 08/07/2000 | 40.0 | Motion of Plffs for Reconsideration of Order Granting Defts Motion to Consolidate Pursuant to Rule 42 with 94-6034 and ALLWOED (Doerfer J) notice sent 8/8/00 |
| 09/22/2000 | 41.0 | Emergency motion of plff to revise its July 26, 1999 preliminary injunction and vacate its September 22 contempt order (w/o opposition) |
| 09/22/2000 | 42.0 | Emergency motion to revise its July 26, 1999 Preliminary Injunction and vacate its September 22 Contempt order |
| 09/22/2000 | | Notice ordered issued re: emergency motion returnable Wednesday September 27, 2000 in room 5 at 2:00PM (Doerfer J) Order of notice issued See P#42 |
| 10/12/2000 | 43.0 | MEMORANDUM and ORDER on Defendant Richard Max Strahan's Emergency Motion to Revise the July 26, 1999 Preliminary Injunction and Vacate the September 22, 1999 Contempt Order - ORDER - For the foregoing reasons, it is hereby Ordered that the Defendant Richard Max Mr. Strahan's Emergency Motion to Revise the July 26, 1999 Preliminary Injunction and Vacate its September 22 Contempt is Denied (Gordon L. Doerfer, Justice) notice sent 10-13-00 |
| 10/24/2000 | 44.0 | Notice of appeal of Richard Max Strahan |
| 10/31/2000 | | Notice to Justice Gordon L. Doerfer of the filing of notice of appeal |
| 10/31/2000 | | Notice of service of filing of notice of appeal to: Martin M. Fantozzi, Esq., Mark L. LaBollita Esq. & Jennifer L. Mina, Esq. of Messrs. Goulston & Storrs |
| 12/14/2000 | | Notice of Assembly of record on appeal] |
| 07/25/2001 | 45.0 | Copy of Standing Order #17A from Appeals Court: Applea dismissed for lack of prosecution. |
| 08/28/2001 | 46.0 | JUDGMENT OF DISMISSAL The complaint of plff is dismissed as to all pending claims for lack of prosecution (refer to docket entry #45) entered on docket pursuant to Mass R Civ P 58(a) and notice sent to parties pursuant to Mass R Civ P 77(d) Hinkle, J |
| 12/31/2003 | 47.0 | Motion of plff to enforce Contempt Judgment or alternatively, to correct Judgment under MRCP 60(a) (with opposition) |
| 02/26/2004 | 48.0 | Plaintiff BP Prucenter Acquisition LLC's emergency MOTION to strike |

## SUCV1999-03009
## BP Prucenter Acquisition LLC v Strahan/Green World

| Date | Paper | Text |
|---|---|---|
| | 48.0 | former plaintiff's February 5, 2004 Motion to enforce defunct Contempt Order w/o opposition |
| 02/26/2004 | 49.0 | Defendant Richard Max Strahan's MOTION to reschedule hearing on former Plaintiff's Motin to enforce Defunct Contempt Order ot June 1, 2004 w/o opposition |
| 03/04/2004 | | MOTION (P#49) ALLOWED (Ernest B. Murphy, Justice) Notices mailed March 04, 2004 dated 3/3/04 |
| 04/06/2004 | 50.0 | Plaintiff's emergency Motion for appointment of special process server and for short order o notice on its Motion to enforce contempt judgment , notice ordered issued returnable on Monday, April 12, 2004 at 2:00pm to show cause re: Motion (Murphy,J) order issued |
| 04/12/2004 | 51.0 | Defendant Richard Max Strahan's notice of appeal |
| 04/13/2004 | 52.0 | Defendant Richard Max Strahan's emergency MOTION to Dismiss the September 22, 2999 Civil Contempt order pursuant to Rule 41(b) and to Quash all summons Denied (Murphy, J.). Notice sent 4/12/04 |
| 04/13/2004 | | MOTION (P#47) After hearing ALLOWED The deft. Strahan is hereby permanently enjoined from engaging in any non-commercial actibity on plaintiffs premises as per prior Judgment (Grasso, J.) of the Court and is enjoined from entering or remaining on plaintiff's premises without 7 days written notice to plaintiff through plaintiff's counsel. Failure to obey the notice and nature of access provisions of the Order shall entitle the plaintiff to use authorized security personnel to arrest the defendant ) (Ernest B. Murphy, Justice) Notices mailed April 12, 2004 ( A Stenographer was no available to the court for this hearing) |
| 04/13/2004 | | MOTION (P#48) DENIED (Ernest B. Murphy, Justice) Notices mailed April 12, 2004 |
| 04/13/2004 | | MOTION (P#49) DENIED (Ernest B. Murphy, Justice) Notices mailed April 12, 2004 |
| 04/13/2004 | 53.0 | SERVICE RETURNED (order of notice): Richard Max Strahan in hand 4/6/04 |
| 04/14/2004 | | MOTION (P#50) ALLOWED (Ernest B. Murphy, Justice) (Dated 4/6/04) Notices mailed April 14, 2004 |
| 04/14/2004 | | Notice to Justice Ernest B. Murphy of the filing of Notice of Appeal |
| 04/14/2004 | | Notice of service of the filing of Notice of Appeal to: MArtin M. Fantozzi, Esquire, Mark L. Bollita, Esquire, Jennifer M. Deteso, Esquire, Messrs Goulston & Storrs |
| 04/15/2004 | 54.0 | Strahan's emergency motion to dismiss the Septermber 22, 1999 Civil contempt order pursuant to rule 41 (b) and to quash all summons (w/o opposition) |
| 04/27/2004 | | MOTION (P#54) DENIED (Ernest B. Murphy, Justice) Notices mailed April 26 2004 (entered 4/22/04) |
| 06/01/2004 | | Notice of assembly of record on Appeal |
| 07/16/2004 | 55.0 | COPY of notice of docket entry received from Appeals Court: Motion to docket appeal late filed by Richard Max Strahan RE: P#2 DENIED (Green, J.) |

EVENTS

### SUCV1999-03009
### BP Prucenter Acquisition LLC v Strahan/Green World

| Date | Session | Event | Result |
|---|---|---|---|
| 07/07/1999 | Civil B | Motion/Hearing: order of notice | |
| 07/14/1999 | Civil B | Motion/Hearing: order of notice | Event held as scheduled |
| 08/16/1999 | Civil B | Motion/Hearing: Contempt | |
| 08/30/1999 | Civil B | Motion/Hearing: Contempt | Event held as scheduled |
| 09/07/1999 | Civil B | Motion/Hearing: Contempt | Event held as scheduled |
| 11/22/1999 | Civil B | Motion/Hearing: prel inj | Event held as scheduled |
| 06/16/2000 | Civil C | Motion/Hearing: miscellaneous | Event held as scheduled |
| | | EMEREGENCY MOTION TO AMEND JULY 1999 PRELIMINARY INJUNCTION MEMORANDUM AND ORDER 6/16/00 | |
| 09/27/2000 | Civil B | Motion/Hearing: order of notice | Event held as scheduled |
| 03/03/2004 | Civil B | Motion/Hearing: Contempt | Event rescheduled by court prior to date |
| 04/12/2004 | Civil B | Motion/Hearing: Contempt | Event held as scheduled |
| 06/01/2004 | Civil B | Motion/Hearing: Contempt | Event rescheduled by court prior to date |

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
  Yes ☐    No ☐

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

  (1) Name of court _____

  (2) Nature of proceeding _____

  _____

  (3) Grounds raised _____

  _____

  _____

  _____

  _____

  _____

  (4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐    No ☐

  (5) Result _____

  (6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
  (1) First petition, etc.       Yes ☐    No ☐
  (2) Second petition, etc.   Yes ☐    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: NO DUE PROCESS OR EQUAL TREATMENT under the LAW

Supporting FACTS (state *briefly* without citing cases or law) The civil Action of Prucotor Acquisition LLC v. Strahan was dismissed w/prejudice on 28 August 2001 for lack of prosecution. Despite this in 2004 the plaintiff ask the court to enforce a civil contempt order that died with the case. On 13 April 2004 the court ordered me to be arrested if I engaged in peaceful petitioning in the Prudential Center.

B. Ground two: Court Acted outside Jurisdiction of Law

Supporting FACTS (state *briefly* without citing cases or law) NO court can enforce a civil contempt order in a civil action that has been dismissed for lack of prosecution. The contempt order died with the civil action.

(5)

C.  Ground three: I was denied my Right to Trial And Attorney

Supporting FACTS (state *briefly* without citing cases or law)

The Soffolk Superior Court has issued a de facto ~~Final~~ Permanent order Against me without Affording me the Right to trial. I was sentenced to immediate Arrest w/o probable cause as retaliation for An future petitioning and other activities protected by First Amendment

D.  Ground four: The Civil contempt order is "TRANSPARENTLY INVALID" (Walker v. Birmingham) outside jurisdiction of Court And violates First Amendment.

Supporting FACTS (state *briefly* without citing cases or law)

The contempt Order direct bans free Speech Activities And orders summary arrest for conducting them in violation of First Amen ~~It is~~ It is not a valid civil contempt Order And simply enjoins Speech with summary arrest.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

They were presented to the Suffolk Superior Court.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐    No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a)  At preliminary hearing   I was Denied the use of An Attorney

    (b)  At arraignment and plea   _____

(6)

(c) At trial _____

(d) At sentencing _____

(e) On appeal _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and t same time?
Yes ☐      No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐      No ☒   Arrest is imminent and for an
(a) If so, give name and location of court which imposed sentence to be served in the future: Amount of indeterminate time

(b) Give date and length of the above sentence: Arrest is imminent for and incarce is later for pura.

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to served in the future?
Yes ☐      No ☐   If petition denied, will commen civil action in US. District Court.

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

13 April 05
(date)

_____
Signature of Petitioner

(7)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Richard Max Strahan

**DEFENDANTS**
Chief Judge Suffolk Superior Court + Boston Police Department

(b) County of Residence of First Listed Plaintiff: **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
**PRO SE**

Attorneys (If Known): **05-10761 NG**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☒ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 USC 2254**
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE **None**  DOCKET NUMBER _____

DATE **13 April 2005**
SIGNATURE OF ATTORNEY OF RECORD  _____ **Pro Se**

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Richard Max Strachan / Suffolk Superior Court etc. / Chief Judge

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    _X_ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    05-10761

    ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   NONE

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ___    NO _X_

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ___    NO _X_

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ___    NO _X_

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ___    NO _X_

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES _X_    NO ___

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION _X_    CENTRAL DIVISION ___    WESTERN DIVISION ___

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION       CENTRAL DIVISION       WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Richard Max Strachan
ADDRESS  928 Dorchester Avenue UNIT #5, Boston MA 02125
TELEPHONE NO.  617 233 3854

(Cover sheet local.wpd - 11/27/00)