```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN,              )
                                  )
     Petitioner,                  )
                                  )
          v.                      )
                                  )   C.A. No. 05-10761-NG
                                  )
SUFFOLK SUPERIOR COURT,           )
                                  )
     Respondent.                  )
```

MEMORANDUM AND ORDER

For the reasons stated below, the Court denies the instant petition for habeas relief and dismisses this action.

BACKGROUND

On April 13, 2005, Richard Max Strahan filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 "), and an application to proceed without prepayment of the filing fee. By separate order, the Court allowed Strahan to proceed in forma pauperis.

Strahan does not allege that he is imprisoned, paroled, or on probation. Rather, Strahan seeks relief from a contempt order issued in BP Prucenter Acquisition LLC v. Strahan/Green World, SUCV1999-03009 (Suffolk Sup. Ct. Mass.). In September 1999, after Strahan had apparently violated the state court's preliminary injunction limiting Strahan's access to Boston's Prudential Center, the court found him in contempt and ordered him "not [to] engage in any form of educational, informational, or out reach activity at the Prudential Center, including,

without limitation . . . solicitation, petitioning, leafleting, or demonstrating." Docket of BP Prucenter Acquisition at 3.[1] On June 16, 2000, the court declared that the preliminary injunction and contempt order "remain[ed] in full force and effect." Id. at 5. Although the underlying complaint was dismissed in August 2001 for lack of prosecution, in December 2003, BP Prucenter filed a motion to enforce the contempt judgment of September 1999. Id. The state court granted this motion on April 13, 2004 and "permanently enjoined" Strahan "from engaging in any non-commercial acti[v]ity on plaintiffs [sic] premises as per prior Judgment . . . of the Court" and "from entering or remaining on plaintiff's premises without 7 days written notice to plaintiff through plaintiff's counsel." Id. at 6. The court also permitted BP Prucenter to "use authorized security personnel to arrest [Strahan]" if he failed "to obey the notice and nature of access provisions of the Order." Id. Strahan failed to file a timely notice of appeal to challenge the April 13, 2004 order. Id.

Strahan now claims that he is entitled to habeas relief because the "Suffolk Superior Court issued an order ordering [him] to be arrested at the whim of the owners of the Prudential Shopping Mall in Boston if [he] engage[s] in petitioning or any

---

[1] Strahan attached to his § 2254 petition a copy of the docket report for BP Prucenter Acquisition.

other First Amendment protected activity." Pet. ¶ 1. He also alleges that the court order constitutes "custody" because he feels that his arrest is imminent upon entry of the Prudential Center. Id. ¶ 6. Strahan seeks habeas corpus relief, presumably in the form of an order finding the order of Suffolk Superior Court to be unconstitutional.

## DISCUSSION

Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the Court is required to examine a petition, and, if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition." Rule 4; see also McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition).

Section 2254 explicitly requires that a petitioner be "in custody" of the state at the time of the filing of the petition. 28 U.S.C. § 2254(a); Duncan v. Walker, 533 U.S. 167, 177 (2001). Something less than incarceration may meet the "in custody" requirement, see, e.g., Jones v. Cunningham, 371 U.S. 236, 241-43 (1963) (parolee is "in custody"), and the custody in question may arise from a non-criminal proceeding, see, e.g., Duncan, 533 U.S. at 176 ("[F]ederal habeas corpus review may be available to

challenge the legality of . . . a state court order of civil contempt." (citing Leonard v. Hammond, 804 F.2d 838 (4th Cir. 1986) (holding that constitutional challenges to civil contempt orders for failure to pay child support, resulting in imprisonment of petitioners, were cognizable only in a habeas corpus action))). The "in custody" provision "does require, however, that the person be subject to 'restraints not shared by the public generally,' [and that] at the least there must be some type of continuing governmental supervision over the person." Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984) (quoting Jones, 271 U.S. at 240). Further, while the "in custody" requirement of § 2254 may be satisfied if the qualifying custody is "imminent and inevitable," the mere possibility of future custody does not meet this standard. See Fernos-Lopez v. Figarella Lopez, 929 F.2d 20, 24 (1st Cir. 1990) (imprisonment for civil contempt based on failure to make alimony payments was not "imminent and inevitable" where prospect of incarceration was "dependent on 'a number of contingencies' which potentially could have 'render[ed] the entire controversy academic'" (quoting Hensley v. Municipal Court, 411 U.S. 345, 352 (1973) (alteration in original))).

Here, Strahan does not meet the "in custody" requirement of § 2254. The fact that Strahan is subject to a contempt order restricting his access to private property does not qualify as

actual custody.  While it may be true that Strahan is subject to nominal restraints not shared by the public generally, he is not subject to continuing governmental supervision.  See <u>Tinder</u>, 725 F.2d at 803.  Moreover, although imprisonment resulting from the violation of a contempt order would satisfy the "in custody" requirement of § 2254, Strahan has not alleged any facts indicating that such custody is imminent or inevitable.  <u>See</u> <u>Fernos-Lopez</u>, 929 F.2d at 24.  Whether Strahan lands in jail as a result of the contempt order depends on "a number of contingencies," <u>see</u> <u>id.</u>, including whether Strahan chooses to violate the provisions of the contempt order, whether BP Prucenter chooses to remove Strahan from its premises, and whether BP Prucenter chooses to have Strahan arrested for any unauthorized entry onto BP Prucenter's property.

Because Strahan has not met the "in custody" requirement of § 2254, it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court," and the Court "must dismiss the petition."  Rule 4 of the of the Rules Governing Habeas Corpus Cases Under Section 2254.

## CONCLUSION

Accordingly, the Court denies the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and orders that this case be dismissed.

SO ORDERED.

<u>August 29, 2005</u>                      /s/ Nancy Gertner
DATE                                UNITED STATES DISTRICT JUDGE